UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA

          -against-

VICTOR ROBINSON OSORIO,

                  Defendant.
---------------------------------------------------------------X

21 MJ 2140 (AEK)

**ORDER**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      On February 24, 2021, Defendant Victor Robinson Osorio had an initial appearance before this Court following his arrest on February 23, 2021.  A bail/detention hearing was conducted as part of the initial appearance and the Court ordered Defendant to be detained, having concluded that the Government met its burden of establishing that there were no conditions of release that could be imposed that would reasonably assure Defendant's appearance at future court proceedings.

      Subsequently, the Government submitted a letter to the Court on March 1, 2021 "to correct or clarify certain representations it made in good faith at the defendant's bail hearing on February 24, 2021."  Gov. Ltr. (Mar. 1, 2021) at 1.  Specifically, the Government explained in this letter that whereas it had represented during the hearing that approximately $16,000 worth of Colombian pesos had been recovered from Defendant's New Jersey residence, the actual value of the seized currency was $16.  *Id.*  In addition, the Government had represented during the hearing that the Defendant had a child living in Colombia, but the Government's March 1 letter stated that since the bail hearing, the Government had "not been able to otherwise verify whether the defendant has a third child."  *Id.*

Counsel for Defendant submitted a response to the Government's March 1, 2021 letter on March 3, 2021.  ECF No. 7.  In this letter, counsel for Defendant argued that the Government "also was incorrect about the travel ability for someone with the recovered United States Passport Cards," *id.* at 2, referring to a number of false identification documents that had been seized during a post-arrest search of Defendant's residence.  Counsel asserted in this letter that a United States Passport Card only allows for entry into the United States and does not allow for "international travel out of the United States."[1] *Id.* at 3.  Among other things, counsel argued that if the Defendant "wanted to flee to the Dominican Republic, this card would do him no good at all to get there but would be very helpful when he came back to the United States." *Id.* Counsel then requested that the Court "review the evidence presented to it and excise the now-identified errors . . . as well as the similarly unsupported claims of additional crimes beyond the charged complaint, and grant the defendant bond on the terms proposed by Pre-Trial Service." *Id.*

The Government submitted a further letter in response on March 5, 2021.  Among other things, the Government's March 5, 2021 letter directed the Court to State Department webpages which indicate that it is possible to travel internationally by land or by sea to certain countries using a United States Passport Card.  Gov. Ltr. (Mar. 5, 2021) at 1-2.

Having reviewed these submissions, the Court finds that it is not necessary to hold a new bond hearing in this matter.  Nothing in these letters alters the Court's February 24, 2021 determination that the Government met its burden of establishing that there were no conditions of release that could be imposed that would reasonably assure Defendant's appearance at future

---

[1] Counsel for Defendant cited to a website from the United States Department of State ("State Department") that specified that a Passport Card "cannot be used for international *air* travel." See ECF No. 7 at 3 n.1 (emphasis added).

court proceedings. First, neither of the two issues clarified or corrected by the Government in its March 1, 2021 letter were factors in the Court's earlier ruling that Defendant should be detained. During the February 24, 2021 proceeding, counsel for Defendant appropriately highlighted the issue of the incorrect calculation of the value of Colombian pesos recovered from Defendant's home, and immediately made clear to the Court that Defendant's family had communicated to him during the hearing that Defendant did not have a child in Colombia. *See* Feb. 24, 2021 Hr'g Tr. at 44-45, 48. Given the specific counterarguments presented by counsel and the Government's lack of certainty regarding these points during the hearing, the Court did not rely on either of these points as reasons for detention.[2] *See id.* at 50-56.

Second, counsel for Defendant is not correct that a United States Passport Card only allows for entry into the United States. While there is no dispute that such cards cannot be used for international air travel, it is clear that the cards may be used for some international travel by land and by sea. *See, e.g.*, 22 C.F.R. § 51.3(e) (the Passport Card "is valid only for *departure from and entry to* the United States through land and sea ports of entry between the United States and Mexico, Canada, the Caribbean and Bermuda") (emphasis added). United States Passport Cards such as the ones found in Defendant's home certainly could be used to facilitate international flight from prosecution. Moreover, the numerous false identification documents found in Defendant's home plainly indicate that Defendant has the willingness and ability to engage in deceptive conduct, to either generate or obtain documents that would enable him to flee the Southern District of New York (whether to a domestic or an international location), and potentially to successfully evade law enforcement through the use of false identification documents including driver's licenses and Social Security cards.

---

[2] Notably, however, there was other evidence presented regarding Defendant's access to financial resources and Defendant's ties to Colombia.

In sum, none of the information presented in the parties' letters of March 1, March 3, or March 5 provides a reason to set aside the Court's February 24, 2021 decision to detain Defendant. For the reasons set forth above and on the record at the February 24, 2021 bail/detention hearing, it is hereby ordered that Defendant shall remain detained.

Dated: March 12, 2021
      White Plains, New York      **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge